## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS HELMS,


Defendant.                                      No. 16-CR-30118-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is defendant's motion for copies (Doc. 40). Based on the following, the Court denies the motion.

In order to obtain documents free of charge defendant must demonstrate: (1) that he has exhausted *all* means of access to his files (*i.e.* through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar required in 28 U.S.C. Section 1915(a)(2) which includes a certified copy of the prisoner's account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977). These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their

records be sent to them at government expense.

Here, Helms' motion is insufficient.  First, he did not attach his prison trust fund statement and has not demonstrated that he exhausted means of access to his file.  Further, bald allegations that he needs the documents will not do. Moreover, case law indicates that defendant must first file the 2255 action in order to obtain the documents.  *See United States v. Horvath*, 157 F.3d 131, 132-33 (2nd Cir. 1998) (collecting cases).

Accordingly, the Court **DENIES** defendant's motion (Doc. 40).

**IT IS SO ORDERED.**

Judge Herndon
2018.10.29
16:14:24 -05'00'

**United States District Court**