IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:16-cr-30118-DWD |
| ) | |
| **THOMAS HELMS,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge**:

Before the Court is Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 ("Motion"). (Doc. 48). The Government does not oppose the Motion. (Doc. 52).

The parties agree Defendant is eligible for a reduction of sentence under Part A of Amendment 821, which amended U.S.S.G § 4A1.1(e). Defendant pleaded guilty to Count I (Interference with Commerce by Robbery) and Count 2 (Carry and Use of a Firearm in Furtherance of a Crime of Violence). In a judgment dated August 25, 2017 (Doc. 34), Defendant was sentenced to a term of 27 months imprisonment as to Count 1 and a mandatory consecutive term of 84 months as to Count 2. (Doc. 34). The parties agree that, although Defendant is not entitled to a reduction as to Count 2, he is entitled to a reduction as to Count 1.

At sentencing, Defendant received a criminal history category of II. As to Count 1, his guideline range was 27-33 months. Based upon the amended status-points provision,

Defendant's new guideline range is 24-30 months with a new criminal history category of I. These calculations are consistent with calculations provided by the United States Probation Department.

Upon consideration of the record before the Court, the policy statement set forth at U.S.S.G. §1B1.10, and the sentencing factors set forth in 18 U.S.C. § 3553(a), including as considered, evaluated, and applied by the sentencing judge at the time of the original sentence, the Court finds that the proposed reduction, as to Count I, to 24 months of imprisonment is appropriate.

Accordingly, the Court **GRANTS** the Motion and **ORDERS** as follows:

1. Defendant's sentence as to Count I is reduced from 27 months of imprisonment to 24 months of imprisonment or "time served," whichever is longer.

2. To ensure that Defendant is in fact timely released, the Bureau of Prisons is directed to take all appropriate steps to complete the processing of Defendant's release plan prior to the effective date of this order.

3. If this order results in a release date ten or fewer days after the date this order is entered, this order shall be **STAYED** for a period of ten days from the docketing date of this order to ensure the defendant, the Bureau of Prisons, and the Probation Office adequate time to prepare for Defendant's reentry into society.

4. All other terms of the judgment dated August 25, 2017 (Doc. 34), including but not limited to the 84-month sentence on Count II, are to remain unchanged.

5. The Court attaches its standard order (AO Form 247) to reflect the aforementioned sentence reduction.

**SO ORDERED**.

Dated: March 7, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge